UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **Manetirony Clervain** | : | |
| **Plaintiff,** | : | |
| | : | No. 3:19-MC-00023 (VLB) |
| v. | : | |
| | : | |
| **Dannell P. Malloy, et al.** | : | January 05, 2021 |
| **Defendant** | : | |

### MEMORANDUM ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

Before the Court is Plaintiff Manetirony Clervain's[1] "Motion for Supplemental Injustice Adversely Affected ['The Ants'] and for Related Matter for Justification Act ('TAJA')" (sic). [Dkt. 7]. The Court construes this motion as seeking reconsideration of the Court's May 2, 2019 order dismissing Plaintiff's action for frivolity [Dkt. 5]. The Court declines to consider this motion because Plaintiff is statutorily barred from proceeding *in forma pauperis* and did not pay the required filing fee.

### Legal Standard

The Court begins with the text of the Prison Litigation Reform Act, which states that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was

---

[1] The Clerk is directed to correct the spelling of Plaintiff's name in the case caption.

1

> dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

**28 U.S.C. § 1915(g)**

"Congress adopted the Prison Litigation Reform Act with the principal purpose of deterring frivolous prisoner lawsuits and appeals." *Nicholas v. Tucker*, 114 F.3d 17, 19 (2d Cir. 1997). Once three of an indigent prisoner's lawsuits have been dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, the prisoner must pay the standard filing fee if he wishes to file additional lawsuits. § 1915(g). In the context of this statutory scheme, the imminent danger exception is designed to provide "a safety valve for the 'three strikes' rule." *Pettus v. Morgenthau*, 554 F.3d 293, 297 (2d Cir. 2009).

To proceed without prepayment of the filing fee under the "safety valve" exception, the plaintiff must show (1) the imminent danger of serious physical injury he alleges is fairly traceable to unlawful conduct alleged in the complaint and (2) that a favorable judicial outcome would redress the injury. *See id.* at 296–97. The danger of serious physical injury must exist at the time the complaint is filed. *Id.* at 296.

## Legal Analysis

The Court takes judicial notice of Plaintiff's litigation history, as it is relevant in determining if Plaintiff is entitled to proceed *in forma pauperis*. See 28 U.S.C. § 1915(g). Plaintiff has an extensive history of filing frivolous actions nationwide. *Clervrain v. Revell*, No. 18-3166-SAC, 2018 WL 5281366, at *1 (D. Kan. Oct. 24,

**2**

2018)(noting prior to the filing of the instant action, Plaintiff filed more than thirty separate cases); See also *Clervrain v. Scott*, No. 4:19CV99-WS/CAS, 2019 WL 2620733, at *1 (N.D. Fla. Apr. 16, 2019), *report and recommendation adopted*, No. 4:19CV99-WS/CAS, 2019 WL 2619533 (N.D. Fla. June 25, 2019) (noting that Plaintiff has filed nearly forty actions in fifteen states). In *Clervrain v. Scott*, 2019 WL 2620733, at *1-2, the district court noted that Plaintiff had at least five prior cases that counted as strikes under the PLRA, each decided before this case was filed:

- **18cv0819-G** in the United States District Court for the Northern District of Texas. It was dismissed with prejudice for failure to state a claim on December 3, 2018; [Dkt. 40]; See also *Clervrain v. Coraway*, 786 F. App'x 1, 4 (5th Cir. 2019).
- **1:17cv01858-UNA** in the United States District Court for the District of Columbia. It was dismissed with prejudice in late December 2017, for failing to state a claim, and because it was frivolous. [Dkt. 10, 12/28/2017].
- **3:18cv028-DHB-BKE** in the United States District Court for the Southern District of Georgia. It was dismissed on August 16, 2018 for failure to state a claim. *Clervrain v. Stone,* No. CV 318-028, 2018 WL 3939323, at *1 (S.D. Ga. Aug. 16, 2018).
- **1:18cv01854-AT** in the United States District Court for the Northern District of Georgia. It was dismissed *sua sponte* in June 2018.
- **5:18cv03039-SAC** in the United States District Court for the District of Kansas. It was also dismissed for failure to state a claim upon which relief may be granted on October 25, 2018. [Dkt. 25]

The Court agrees that Plaintiff has at *least* three strikes under the PLRA before he filed this action on February 19, 2019. Plaintiff was incarcerated at FCI Big Spring at the time the instant complaint was filed and thus subject to § 1915(g). Mr. Clervrain sought to evade the filing fee requirement imposed by 28 U.S.C. § 1915(g) by filing a "Motion for Indigency Financial Burdens Act." (sic) [Dkt. 3]. That motion argues for legislative action to amend the Prison Litigation Reform Act. [Dkt. 3]. Consequently, Plaintiff failed to argue, much less show, that he was in imminent danger of serious physical harm at the time the Complaint was filed.

3

Therefore, Plaintiff must pay the filing fee in order to proceed and the Court declines to consider Plaintiff's motion.

Although the Court declines to consider the merits of Plaintiff's motion, the Court notes that the motion would appear to seek reconsideration of the Court's Order dismissing Plaintiff's initial complaint for frivolity. For Plaintiff's edification, the Court notes that at least three other courts have addressed Plaintiff's "Motion for Supplemental Injustice Adversely Affected ['The Ants'] and for Related Matter for Justification Act ('TAJA')" within a month prior to Plaintiff's filing before this Court:

> *Clervrain v. Wilson*, No. 2:20-CV-02061, 2020 WL 1977392, at *2 (W.D. Ark. Apr. 24, 2020)("…is unintelligible and contains no factual allegations. Instead, the text contains a wide range of random phrases covering such concepts as traffic violations, apartheid, immigration, genocide, and various international organizations...The Court can infer no plausible claims from Plaintiff's 212 pages of jabberwocky.")
>
> *Clervrain v. Pompeo*, No. 4:20-CV-555-SRC, 2020 WL 1975083, at *2 (E.D. Mo. Apr. 24, 2020)(directing Plaintiff to pay the filing fee in order to proceed)
>
> *Clervrain v. Schimel*, No. 4:20-CV-538-SRC, 2020 WL 1975121, at *2 (E.D. Mo. Apr. 24, 2020)(same).

It would appear to this Court that the Plaintiff's motion for reconsideration is meritless. Plaintiff was also previously warned that frivolous filings may result in the imposition of sanctions. *Clervrain v. Coraway*, No. 3:18-CV-0819-G, 2019 WL 8275310, at *2 (N.D. Tex. Jan. 15, 2019). Despite this cautionary word, Plaintiff's practice of filing frivolous actions and motions remains unabated and continues to abuse judicial resources of Article III courts nationwide. If Plaintiff files anything

4

further in the absence of payment of the filing fee in full as required by § 1915(g), the Court will impose sanctions in the amount of the filing fee.

The Clerk is directed to return Plaintiff's materials, included with a copy of this Order. The Clerk is directed to close this matter if the full filing fee is not received within twenty-one (21) days.

                                            IT IS SO ORDERED

                                       _____/s/_____

                                       Hon. Vanessa L. Bryant
                                       United States District Judge

Dated at Hartford, Connecticut: January 5, 2021